Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3010

CHERYL L. LONG,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Cheryl L. Long, of Cleveland, Ohio, pro se.

Michelle A. Windmueller, Appellate Attorney, United States Postal Service, of Washington, DC, for respondent.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3010

CHERYL L. LONG,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  April 4, 2007

_____

Before MAYER, RADER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Cheryl Long appeals from a final decision by the Merit Systems Protection Board ("MSPB") dismissing her appeal for lack of jurisdiction.  <u>Long v. U.S. Postal Serv.</u>, CH0752050699-I-2 (M.S.P.B. Aug. 2, 2006).  Because we find no error in the MSPB's decision, we <u>affirm</u>.

## BACKGROUND

Cheryl Long served as a Supervisor in the Postal Service's Cleveland, Ohio Mail Processing and Distribution Center.  In response to a Postal Service ("agency") proposal to reduce Ms. Long's pay and grade, she signed an "Absolute and Final Last

Chance Settlement Agreement" ("LCA"). The LCA allowed Ms. Long to remain a supervisor, under the condition that she "maintain SATISFACTORY work performance in every aspect of her duties and responsibilities as a supervisor," for eighteen months following the June 8, 2004 agreement. Ms. Long agreed to relinquish all appeal rights if she failed to satisfy the performance-requiring terms of the agreement.

On February 26, 2005, the Postal Service notified Ms. Long of its intention to reduce her pay and grade based in part on her failure to meet the requirements of the LCA. Pursuant to that notice, the Postal Service reduced Ms. Long's pay and grade, moving her from a Supervisor position to a Part Time Flexible Mail Processing Clerk, effective May 16, 2005. On June 13, 2005, Ms. Long filed an appeal with the MSPB and a mixed case Equal Employment Opportunity ("EEO") complaint, alleging discrimination based on race and sex. Because she could only proceed with one of those cases, the MSPB dismissed Ms. Long's appeal without prejudice to refiling, finding that she had filed her EEO complaint before the MSPB appeal. On December 5, 2005, the agency issued a Final Decision on the EEO complaint, finding Ms. Long had not been subjected to discrimination. That Final Decision contained a notice of appeal rights, directing Ms. Long to either appeal to the MSPB or file a civil action in district court. Pursuant to that notice, Ms. Long timely refiled her MSPB appeal on January 3, 2006.

The MSPB administrative judge considered Ms. Long's allegation that she had not in fact violated the terms of her LCA. After reviewing all the evidence presented, on May 3, 2006, the administrative judge issued an initial decision finding that the agency reasonably applied the provisions of the LCA and had shown that Ms. Long performed

unsatisfactorily. Specifically, the administrative judge found that Ms. Long failed to timely notify her supervisor of a problem Ms. Long's group had with processing the mail. Further, the administrative judge found Ms. Long failed to report a further inability to make a delayed dispatch of mail. Finally, the administrative judge found that Ms. Long violated her supervisor's directive to remain in her unit, therefore contributing to her failure to maintain satisfactory performance. Pursuant to the terms of the agreement, the administrative judge's initial decision dismissed Ms. Long's appeal because she had waived rights to such appeal if she breached the agreement. On August 2, 2006, the MSPB rejected Ms. Long's petition for review of the initial decision, and thus made that decision final. She timely filed a petition for review by this court.

## DISCUSSION

We have jurisdiction over appeals from the MSPB under 28 U.S.C. § 1295(a)(9), pursuant to 5 U.S.C. § 7703(b)(1). We must set aside agency actions we find, "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

We find no error in the MSPB decision. The administrative judge recited the evidence presented by both sides, then evaluated that evidence, holding that the agency properly found Ms. Long violated the terms of the LCA. We cannot say that substantial evidence does not support the result reached by the administrative judge. While Ms. Long may see things differently than the agency or the administrative judge, the substantial evidence standard only requires here that a reasonable basis exist in the record to support a finding for the agency—we cannot re-evaluate the administrative

2007-3010                                3

judge's credibility determinations. See Bieber v. Dep't of Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002). The evidence considered by the administrative judge meets that standard; the administrative judge found the agency's evidence more credible than Ms. Long's, to the extent necessary to find she breached the LCA.

After determining that Ms. Long violated the terms of her LCA, the administrative judge recognized the provision in the LCA by which Ms. Long waived her rights to an appeal, paragraph 8. An LCA may properly include a term waiving all appeal rights. Gibson v. Dep't of Veterans Affairs, 160 F.3d 722, 725 (Fed. Cir. 1998). Because the administrative judge found Ms. Long violated the terms of the LCA, and did not find the agency breached the LCA, the MSPB would retain jurisdiction over Ms. Long's case only if she "did not knowingly and voluntarily enter into the agreement." Link v. Dep't of Treasury, 51 F.3d 1577, 1581–82 (Fed. Cir. 1995). Ms. Long did allege in her appeal to the MSPB that she signed the agreement under duress. The alleged assurance that she would retain appeal rights if she did not breach the agreement—a fundamentally true statement—becomes irrelevant upon the administrative judge's finding she did breach the agreement. Moreover, as duress, Ms. Long alleges financial pressure motivating her to retain her job, which does not amount to sufficient duress to invalidate the agreement. See McCall v. U.S. Postal Serv., 839 F.2d 664, 667 (Fed. Cir. 1988).

Therefore, the administrative judge correctly found that the MSPB is without jurisdiction to hear Ms. Long's case. As discussed, we find that substantial evidence supported that decision, which was also not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The administrative judge properly applied our precedent regarding waiver of appeal rights, and thus arrived at the correct conclusion.

We have considered the other arguments Ms. Long made to the administrative judge and repeated here, and find them without merit. Accordingly, we affirm the MSPB's final decision.

No costs.