NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IONA CALHOUN,**
*Petitioner*

**v.**

**GENERAL SERVICES ADMINISTRATION,**
*Respondent*

---

2015-3198

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-14-0758-W-1.

---

Decided: January 12, 2016

---

IONA CALHOUN, Silver Spring, MD, pro se.

ADAM E. LYONS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ELIZABETH M. HOSFORD, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

---

Before PROST, *Chief Judge,* MOORE, and TARANTO, *Circuit Judges.*

PER CURIAM.

Iona Calhoun worked for the General Services Administration for over twenty years before retiring in 2005. In the present action, she alleges that the GSA had refused to promote her—and thus had underpaid her—because of protected disclosures she made while working at the agency. The Merit Systems Protection Board dismissed Ms. Calhoun's claims for lack of jurisdiction. We affirm.

## BACKGROUND

Ms. Calhoun worked for the GSA between 1977 and 2005. When she first transferred to the GSA from the Office of Management and Budget, Ms. Calhoun's employment level was GS-11. Eleven months after her transfer to the GSA, Ms. Calhoun received a promotion to level GS-12.

In 2007, after retiring, Ms. Calhoun sued the Administrator of the GSA in the United States District Court for the District of Columbia, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; and the Equal Pay Act, 29 U.S.C. § 206(d). *Calhoun v. Prouty*, 643 F. Supp. 2d 87, 90 (D.D.C. 2009). She alleged that the GSA discriminated (including retaliated) against her on the basis of age, sex, and race by not selecting her for a GS-14 position she sought in December 2000. *Id.* at 93. The district court granted summary judgment to the GSA on all of Ms. Calhoun's claims. *Id.* at 97. When Ms. Calhoun appealed, the United States Court of Appeals for the District of Columbia Circuit affirmed in part and reversed in part, remanding one of Ms. Calhoun's claims for trial. *Calhoun v. Johnson*, 632 F.3d 1259, 1264 (D.C. Cir. 2011).

In June 2012, Ms. Calhoun and the GSA settled their dispute. In the settlement agreement, Ms. Calhoun agreed "not to hereafter assert any claim or institute or

prosecute any civil action or other proceeding against . . . the Agency . . . with respect to any event complained of" in the 2007 district court action. J.A. 77. The agreement states that Ms. Calhoun had 21 days to sign and seven days to revoke after signing, and it advises her to consult an attorney before signing. J.A. 76.

In September 2013, Ms. Calhoun filed a complaint with the Office of Special Counsel under 5 U.S.C. § 1214(a), alleging that she was due back pay for what she alleged to be unwarranted personnel actions. The Office of Special Counsel declined to investigate her claims, and in May 2014 she filed this Individual Right of Action appeal with the Board under 5 U.S.C. §§ 1214(a)(3), 1221(a). She alleged that she was due back pay because the GSA had failed to promote her from GS-11 to GS-12 until eleven months after she had started working there in December 1977 and had later refused to promote her to a GS-14 position despite the fact that she was performing GS-14-level roles and carrying GS-14-level responsibilities.

In June 2014, the Board ordered Ms. Calhoun to prove that it had jurisdiction to hear her appeal. She responded that she sought back pay for the GSA's failure to promote her to a GS-14 position and identified two disclosures that she had made as president of her local union as motivating the GSA's conduct. One was a class-action employment-discrimination complaint filed in 2001, the other an overtime-pay grievance filed in 2002. She alleged that her union activities and those disclosures contributed to the GSA's continuing decision not to promote her.

In October 2014, the Board again ordered Ms. Calhoun to demonstrate its jurisdiction over her appeal, highlighting its concern that the 2012 settlement agreement barred her claim. Ms. Calhoun responded that the GSA's prohibited personnel practices at issue were not actually litigated in the 2007 district court action, and she

maintained that the Board had jurisdiction over her appeal because she non-frivolously alleged that she had made protected disclosures that contributed to prohibited personnel practices against her. She demanded "back pay that [she] earned from December 1977 through December 2000." J.A. 98.

An administrative judge dismissed Ms. Calhoun's appeal based on issue preclusion, and Ms. Calhoun then petitioned for review by the full Board. The Board, while vacating the issue-preclusion ruling, denied her petition for review. First, the Board determined that the settlement agreement covered Ms. Calhoun's claim that the GSA violated 5 U.S.C. § 2302(b)(8) in denying her a promotion to GS-14 in 2000; accordingly, Ms. Calhoun had waived that claim. Second, the Board concluded that Ms. Calhoun had failed to make non-frivolous allegations of the elements needed for Board jurisdiction under §§ 1214(a)(3) and 1221(e)(1) to hear the Individual Right of Action appeal. In particular, the Board found no non-frivolous allegations that her disclosures in 2001 and 2002 contributed to the GSA's failure to timely promote her to GS-12 in 1977. For those reasons, the Board dismissed Ms. Calhoun's appeal for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(B).

## DISCUSSION

We review de novo the Board's legal determination that it lacked jurisdiction to hear Ms. Calhoun's appeal. *Clark v. Merit Sys. Prot. Bd.*, 361 F.3d 647, 649 (Fed. Cir. 2004). We review the Board's factual findings underlying its jurisdiction determination for substantial evidence. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). Ms. Calhoun has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Campion v. Merit Sys. Prot. Bd.*, 326 F.3d 1210, 1212–13 (Fed. Cir. 2003). We review the Board's inter-

pretation of a settlement agreement de novo. *King v. Dep't of Navy*, 130 F.3d 1031, 1033 (Fed. Cir. 1997).

Ms. Calhoun's passing references to the GSA's commission of prohibited personnel practices under 5 U.S.C. § 2302(b)(1) do not satisfy her burden to show the Board's jurisdiction. Section 2302(b)(1) prohibits employees who are authorized to take, recommend, or approve personnel actions from discriminating against employees in violation of various federal statutes. Ms. Calhoun has not alleged any facts showing discrimination on any basis covered by § 2302(b)(1).

Ms. Calhoun has also presented no non-frivolous allegations that the GSA's failure to promote her in 1977 justifies the Board's jurisdiction. To obtain a remedy under § 1221(e)(1), Ms. Calhoun must show that she made a protected disclosure, § 2302(b)(8), or engaged in a protected activity, § 2302(b)(9)(A)(i), (B)–(D), and that her disclosure or activity contributed to the GSA's decision to commit a prohibited personnel practice as defined by § 2302(a). The Board found that Ms. Calhoun had alleged that she made protected disclosures only in 2001 and 2002. Indeed, Ms. Calhoun has pointed to only two allegedly protected disclosures: a class-action complaint filed in 2001 and a grievance filed in 2002. Because these disclosures post-date the GSA's failure to promote Ms. Calhoun in 1977, they cannot have contributed to the GSA's failure to promote her then. *Davis v. Merit Sys. Prot. Bd.*, 278 F. App'x 1009, 1012–13 (Fed. Cir. 2008); *Horton v. Dep't of Navy*, 66 F.3d 279, 284 (Fed. Cir. 1995). Thus, the Board's finding is supported by substantial evidence and suffices to uphold the conclusion that the Board lacks jurisdiction to consider Ms. Calhoun's claim that the GSA failed timely to promote her in violation of 5 U.S.C. § 1221(e)(1).

Ms. Calhoun also contends that she did not waive her remaining claim in the 2012 settlement agreement be-

cause she entered into that agreement under duress.  The Board correctly concluded that the settlement agreement's waiver provision is enforceable.  Under the agreement, Ms. Calhoun had 21 days to consider its terms, and she had express notice that by signing she "acknowledge[d] that her decision . . . [was] knowing and voluntary, and . . . not . . . induced by any threat, promise, or other representation attributable to" the GSA.  J.A. 76.  The agreement also states that Ms. Calhoun would have seven days to revoke her agreement after signing and that she should consult an attorney.  Ms. Calhoun and her attorney signed the agreement.  Ms. Calhoun's allegation that "*[m]entally, physically, and financially, after more than twenty years, [she] could not afford to fight GSA any longer*," J.A. 124, does not amount to sufficient duress to invalidate the agreement.  *Long v. U.S. Postal Serv.*, 229 F. App'x 919, 921 (Fed. Cir. 2007).

Under the 2012 settlement agreement, Ms. Calhoun waived her claim that the GSA's failure to select her for a GS-14 position in 2000 violates 5 U.S.C. § 2302(b).  According to the settlement agreement, Ms. Calhoun agreed "not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against . . . the Agency . . . with respect to any event complained of therein."  J.A. 77.  Ms. Calhoun applied but was not selected for a GS-14 Computer Specialist position in 2000.  *Prouty*, 643 F. Supp. 2d at 93.  In the 2007 district court action, she alleged that her non-selection for that position in 2000 violated Title VII of the Civil Rights Act of 1964.  *Id.* at 93–94.  Ms. Calhoun therefore is now asserting a claim against the GSA concerning an event that she complained of in the 2007 action.  The settlement agreement covers Ms. Calhoun's claim regarding the GSA's failure to promote her to a GS-14 position in 2000, and Ms. Calhoun has waived that claim.

Moreover, Ms. Calhoun at most frivolously alleges that the GSA violated 5 U.S.C. § 2302(b) by its continuing

decision not to promote her to a GS-14 level position. Ms. Calhoun has demanded only "back pay that [she] earned from December 1977 through December 2000," J.A. 98, and, as discussed above, she has not pointed to any agency actions post-dating her 2001 and 2002 disclosures.

The Board did not address Ms. Calhoun's arguments that the GSA breached the settlement agreement, and rightly so. The Board's jurisdiction is strictly limited to that provided by statute, rule, or regulation. 5 U.S.C. § 7701(a); *Hartman v. Merit Sys. Prot. Bd.*, 77 F.3d 1378, 1380 (Fed. Cir. 1996). Ms. Calhoun has pointed to no statute providing the Board jurisdiction to enforce a settlement agreement entered in a forum other than the Board. *See* 5 C.F.R. § 1201.3; *Berry v. Merit Sys. Prot. Bd.*, No. 08-3235, 2009 WL 89668, at *2 (Fed. Cir. Jan. 15, 2009).

CONCLUSION

For the foregoing reasons, we affirm the judgment of the Merit Systems Protection Board.

No costs.

**AFFIRMED**