NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DIANE B. GENERETTE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2017-1074

_____

Petition for review of the Merit Systems Protection Board in No. PH-3443-16-0060-I-1.

_____

Decided: March 10, 2017

_____

DIANE B. GENERETTE, Philadelphia, PA, pro se.

CALVIN M. MORROW, Office of the General Counsel, Merits Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

_____

Before NEWMAN, CLEVENGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Diane Generette applied for a position as a Casual Mail Handler with the U.S. Postal Service in 2015. The Postal Service rejected her application in part because, many years earlier, she had been removed from a position as a Postal Service Distribution Clerk for unsatisfactory attendance. She appealed her rejection to the Merit Systems Protection Board on various grounds. The Board dismissed her appeal for lack of jurisdiction. *Generette v. U.S. Postal Serv.*, No. PH-3443-16-0060-I-1 (MSPB July 21, 2016) (became final Aug. 25, 2016). We affirm.

I

The facts related to this appeal span many years and involve several overlapping proceedings. In February 1987 the Postal Service hired Ms. Generette as a Distribution Clerk. In October of that year, she suffered a work-related back injury, for which she received compensation from the Office of Workers' Compensation Program in the U.S. Department of Labor (Office or OWCP). Ms. Generette successfully made several claims for compensation for recurrences of her disability for various periods between July 1, 1988, and December 11, 1990.

On April 29, 1991, Ms. Generette filed another notice of recurrence of her disability, seeking compensation for the period from December 14, 1990, through April 29, 1991. The Office denied her claim on November 26, 1991. It found that her back pain was not related to her 1987 work-related injury.

While her request for reconsideration was pending with the Office, or perhaps even before April 1991, Ms. Generette appears to have returned to work, with her duties modified in some way from what they originally were. In October 1992, Ms. Generette asked the Postal Service to put her on permanent light duty, but the Postal Service denied her request. It explained that "the medical

evidence submitted by [Ms. Generette] is so restrictive that productive light duty work is not available" and that she should not report to work until medically approved to do so. Resp't's App. 19. Ms. Generette challenged the denial by filing a grievance under the collective bargaining agreement. It is not clear from the record before this court whether or in what capacity Ms. Generette subsequently returned to work, although the PS Form 50 dated March 24, 1998, shows that her last day in pay status was February 4, 1993. Resp't's App. 21.

As to the Office's decision denying her injury compensation, the Office refused reconsideration of that denial on October 22, 1993, and Ms. Generette then appealed to U.S. Department of Labor Employees' Compensation Appeals Board. As to Ms. Generette's permanent-light-duty grievance, a "Pre-Arbitration Settlement Agreement" was signed on December 29, 1993, the signatories apparently being a union representative and a Postal Service management representative. That Agreement stated: "If employee's claim is accepted by OWCP, employee will be reimbursed by OWCP, therefore, case would be resolved, if not, employee will be paid for all lost hours from 10/15/92 until accommodated, or until permanently disabled" and "[i]f this case has been formerly resolved/settled, then this agreement is null and void." Resp't's App. 20.

On May 23, 1995, while the injury compensation appeal to the Employees' Compensation Appeals Board was pending, the Postal Service proposed to remove Ms. Generette for unsatisfactory work attendance and being absent without leave. Ms. Generette filed a grievance challenging the proposed removal.

On December 7, 1995, the Employees' Compensation Appeals Board in the U.S. Department of Labor affirmed the Office's denial of Ms. Generette's claims for compensa-

tion for the recurrence of her injury during the December 1990 to April 1991 period.

Ms. Generette's removal was the subject of an arbitration hearing that stretched from July 18, 1997, to January 15, 1998. On February 28, 1998, the arbitrator issued a decision finding that the Postal Service had shown just cause to remove Ms. Generette, and she was removed on March 23, 1998.

Seven years later, on July 29, 2005, Ms. Generette appealed her 1998 removal to the Merit Systems Protection Board. She alleged breach of the Pre-Arbitration Settlement Agreement; denial of a right to restoration to an earlier position, or the nearest position in status and pay for which she was qualified, after recovery from a compensable injury; and disability discrimination. On December 5, 2005, an administrative judge dismissed her appeal for lack of jurisdiction. The full Board denied Ms. Generette's petition to review the administrative judge's decision on April 27, 2006, and that decision was not further appealed.

Nine years later, Ms. Generette applied for a position as a Casual Mail Handler with the Postal Service, which rejected her application on November 10, 2015, after the hiring official learned of Ms. Generette's earlier removal from the Postal Service. Ms. Generette appealed to the Merit Systems Protection Board on November 11, 2015. She claimed that (1) the rejection was a denial of her restoration rights, (2) her 1998 removal was improper, (3) the Postal Service owed her money under the Pre-Arbitration Settlement Agreement, and (4) the Postal Service had discriminated against her based on her age and disability.

The administrative judge ordered Ms. Generette to show why the Board had jurisdiction over her claims and explained in detail what she would have to show to establish Board jurisdiction over her restoration claim. On

July 21, 2016, the administrative judge dismissed the appeal for lack of jurisdiction. *Generette v. U.S. Postal Serv.*, No. PH-3443-16-0060-I-1 (MSPB July 21, 2016). That decision became the final Board decision on August 25, 2016, when the time for petitioning the Board for review ran out. *See* 5 C.F.R. § 1201.113. Ms. Generette timely appealed to this court. Ms. Generette appeals only the denial of Board jurisdiction. We have jurisdiction to hear the appeal. 28 U.S.C. § 1295(a)(9); *Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1119–20 (Fed. Cir. 2013).

## II

This court is required to "set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the question of whether the Board had jurisdiction de novo. *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1101 (Fed. Cir. 2011). In general, the appellant has the burden to show jurisdiction by a preponderance of the evidence. *Id.*; *see* 5 C.F.R. § 1201.56(b)(2). For a claim of failure to restore under 5 C.F.R. § 353.304, under a regulation whose application to this case Ms. Generette accepts, "in order to establish jurisdiction, an appellant who initiates an appeal . . . must make nonfrivolous allegations (as defined in § 1201.4(s)) with regard to the substantive jurisdictional elements applicable to the particular type of appeal he or she has initiated." 5 C.F.R. § 1201.57(b) (effective Mar. 30, 2015). A nonfriviolous allegation is one that "(1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal." 5 C.F.R. § 1201.4(s).

A

Ms. Generette's primary claim is that the Postal Service's refusal to hire her in 2015 constituted an improper denial of her restoration rights. An employee who has suffered a compensable injury that renders her unable to perform all the duties of her position or an equivalent one has certain rights to be restored to her job depending on the extent and timing of her recovery. 5 U.S.C. § 8151(b); 5 C.F.R. § 353.301. "Agencies must make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." 5 C.F.R. § 353.301(d). "An individual"—including an employee or former employee of the Postal Service—"who is partially recovered from a compensable injury may appeal to MSPB for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration." 5 C.F.R. § 353.304(a), (c). Jurisdiction of the Board over a restoration-rights challenge by a partially recovered employee requires nonfrivolous allegations of: "(1) absence due to a compensable injury; (2) sufficient recovery from the injury to return to duty on a part time basis or in a less physically demanding position; (3) agency denial of a request for restoration; and (4) denial of restoration rendered arbitrary and capricious by agency failure to perform its obligations under 5 C.F.R. § 353.301(d)." *Bledsoe*, 659 F.3d at 1104; 5 C.F.R. § 1201.57(b).

Here, Ms. Generette has not made a nonfrivolous allegation that her absence from her job was due to her compensable injury. Ms. Generette was removed in 1998 for cause, based on poor attendance, and that removal was upheld by an arbitrator. Accordingly, her absence since at least 1998 was "due to" that removal and not her injury. *Minor v. Merit Sys. Prot. Bd.*, 819 F.2d 280, 282 (Fed. Cir. 1987). Moreover, even if Ms. Generette had alleged that her poor attendance traced back to her disa-

bility, the 1995 Employees' Compensation Appeals Board decision establishes that her injury has not been compensable since December 1990. Therefore, the Postal Service's refusal to hire her in 2015 is not an action within the Board's jurisdiction.[1]

## B

Ms. Generette argued to the Board that the denial of her request for permanent light duty in 1992 was a constructive suspension. The Board has jurisdiction to hear appeals from certain suspensions, *see* 5 U.S.C. § 7512(2), but only if the appellant is an "employee," 5 U.S.C. § 7513(d). The statute excludes a Postal Service worker from the definition of "employee" unless the individual is a preference-eligible veteran, 5 U.S.C. § 7511(a)(1)(B), or is a manager, a supervisor, or an employee engaged in confidential personnel work, 39 U.S.C. § 1005(a). 5 U.S.C. § 7511(b)(8). As Ms. Generette does not come within any of those exceptions, the Board lacked jurisdiction over this claim. To the extent that Ms. Generette is attempting to appeal her 1998 removal, the Board lacked jurisdiction over that claim for the same reason.

## C

Ms. Generette asked the Board to grant her back pay under the Pre-Arbitration Settlement Agreement. But while the Board has jurisdiction to enforce "the terms of a

---

[1]    It is not clear if Ms. Generette claims that the refusal to place her on permanent light duty in 1992 is an appealable denial of restoration. To the extent that she makes such a claim, she has not established the Board's jurisdiction. At a minimum, she makes no nonfrivolous allegation that the Postal Service was arbitrary and capricious in determining that "the medical evidence submitted by [her] is so restrictive that productive light duty work is not available." Resp't's App. 19.

settlement agreement that has been entered into the record for the purpose of enforcement in an order or decision under the Board's appellate jurisdiction," 5 C.F.R. § 1201.182(a); *see* 5 U.S.C. § 1204(a)(2), it lacks jurisdiction to enforce settlement agreements reached in another forum, *see* 5 C.F.R. § 1201.3; *Calhoun v. Gen. Servs. Admin.*, 636 F. App'x 571, 574 (Fed. Cir. 2016); *Johnson v. U.S. Postal Serv.*, 108 M.S.P.R. 502, 506 n.5 (2008), *aff'd*, 315 F. App'x 274 (Fed. Cir. 2009). The Pre-Arbitration Settlement Agreement Ms. Generette claims entitles her to back pay was reached through a collective bargaining grievance procedure and therefore is not enforceable by the Board.

## D

Finally, Ms. Generette alleged to the Board that the Postal Service discriminated against her because of her age and disability. The Board correctly determined that it did not have jurisdiction over this claim in the absence of an otherwise-appealable action. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1325 (Fed. Cir. 2006) ("[T]he Board may not reach discrimination issues in mixed cases unless jurisdiction is established with respect to the adverse action alleged").

## E

In her notice of appeal to this court, Ms. Generette complains that the administrative judge was disrespectful of her, and she requests that he be investigated and reprimanded. Ms. Generette does not allege that the decision before us was infected by any bias; nor did she move for the administrative judge to disqualify himself according to 5 C.F.R. § 1201.42. In the absence of an alleged defect in the decision, this court does not have the authority to entertain Ms. Generette's complaint here.

## III

Because Ms. Generette has not carried her burden to show that the Board had jurisdiction over her appeal, we affirm the Board's dismissal.

No costs.

**AFFIRMED**