NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CYRIL DAVID DANIEL ORAM, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2022-1545

---

Petition for review of the Merit Systems Protection Board in No. DC-3330-22-0003-I-1.

---

Decided: December 8, 2022

---

CYRIL DAVID DANIEL ORAM, JR., Bellingham, WA, pro se.

ELIZABETH W. FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH.

---

Before LOURIE, CLEVENGER, and STARK, *Circuit Judges*.

PER CURIAM.

Cyril David Daniel Oram, Jr. seeks review of the final decision of the Merit Systems Protection Board ("Board") denying his request for corrective action under the Veterans Employment Opportunities Act of 1998 ("VEOA"). *Oram v. Dep't of the Air Force*, Docket No. DC-3330-22-0003-I-1 (M.S.P.B. Jan. 10, 2022) (*Board Decision*). For the reasons set forth below, we *affirm* the Board's final decision.

I

The VEOA provides that preference eligibles and other veterans "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement [of a vacancy] will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(f)(1). The term "preference eligible" is defined in 5 U.S.C. § 2108(3) to include certain veterans, and it is undisputed that Mr. Oram qualifies as a preference eligible. The VEOA does not guarantee that a preference eligible will win the competition for a vacant position. Instead, it guarantees that a preference eligible has the right to compete for the vacancy, free from any agency action that violates a preference eligible's rights under "any statute or regulation relating to veterans' preference." 5 U.S.C. § 3330a(a)(1)(A). A preference eligible who believes an agency has violated the person's rights under any statute or regulation relating to veterans' preference may file a complaint with the Department of Labor; if the Department of Labor does not resolve the complaint, the aggrieved person may appeal the alleged violation to the Board; and if the Board finds a violation, it must order the agency to comply with the relevant veterans' preference law provisions and award compensation for any loss of wages or benefits suffered by the individual whose veterans' preference rights were violated. *See* 5 U.S.C. §§ 3330a(a)(1)(A), 3330c(a). But in order for an aggrieved preference eligible to pursue these rights, the complaint to the Secretary of Labor must be timely filed "within 60 days after the date of the alleged violation," unless an untimely

filing can be excused by application of equitable tolling. 5 U.S.C. § 3330a(a)(2)(A); *Kirkendall v. Dep't of Army*, 479 F.3d 830, 844 (Fed. Cir. 2007).

## II

The Department of the Air Force (the "Agency") conducted a job competition for a GS-2210-12 IT Specialist position at Ramstein Air Force Base in Germany. *Board Decision* at 2. On June 21, 2016, the Agency made a tentative offer to Mr. Oram for said position. *Id.* On September 12, 2016, Mr. Oram accepted the job offer and accepted an entry on duty ("EOD") date of October 3, 2016. *Id.* On September 26, 2016, Mr. Oram informed the Agency that he could not meet the EOD date because he had to attend a hearing related to a labor dispute with his former employer. *Id.* Two days later, the Agency told Mr. Oram that his EOD date would not be extended and that he would be placed on absent without leave ("AWOL") status if he failed to report for duty on time. *Id.* Mr. Oram responded by explaining in more detail the pending labor dispute, and in turn the Agency acknowledged his response but informed him that if he failed to report on time, the Agency would rescind the job offer, instead of more severely holding him to his acceptance and charging him with AWOL. *Id.* Mr. Oram did not report for duty on time, and on October 5, 2016, the Agency notified him that the job offer was withdrawn due to his failure to comply with the EOD date. *Id.*

On September 11, 2021, Mr. Oram filed a complaint with the Department of Labor, alleging violation of his VEOA rights in October 2016 when the Agency withdrew its offer of employment. *Board Decision* at 4; Compl. at SAppx. 29 (Sept. 11, 2021).[1]    His complaint sought

---

[1]    "SAppx." citations herein refer to the appendix filed concurrently with Respondent's brief. Additionally, because the Petitioner's complaint is not paginated, citations herein are to the version of the complaint included in the aforementioned appendix, which has consistent

corrective action from the Agency. Compl. Form at SAppx. 28. His complaint stated he applied for and was selected for a position advertised to preference eligible veterans and current Federal employees. *Id.* at 29. He averred that the Agency only wanted to hire a current Federal employee for the position, and when the Agency realized he was instead a preference status veteran, "the Agency immediately took actions to invalidate my selection and take actions to influence withdrawal from competition with pretext." *Id.* According to Mr. Oram, the Agency failed to assist him in making travel arrangements that would have permitted him to meet his EOD date and failed to provide required assistance to bring his dependents to Germany, all being acts that allegedly influenced him to "withdraw" from the job offer by not meeting his EOD date. *Id.* Mr. Oram's complaint also alleged that in addition to the alleged unlawful acts by the Agency in connection with the October 5, 2016, recission notice, he discovered on September 7, 2021,[2] four days before filing his complaint, that the Agency in 2017 "went on to hire an individual without 10-point veterans preference status," allegedly in further violation of his VEOA rights. Compl. at SAppx. 31.

On September 20, 2021, the Department of Labor notified Mr. Oram that it had closed his complaint because it was not timely filed, and he had not provided any reason to excuse his failure to satisfy the sixty-day filing requirement. Letter from Jordan Saunders, Assistant Dir./Investigator, Dep't of Lab. to Mr. Oram (Sept. 20, 2021) at SAppx. 35. Mr. Oram timely appealed that September 20, 2021 decision to the Board. MSPB Form 185-2: Appeal of

---

pagination—e.g., Compl. at SAppx. 29 would be to the first page of Mr. Oram's complaint.

[2]     Agency File and Motion to Dismiss at 9 (Oct. 24, 2021), *Oram v. Dep't of the Air Force*, Docket No. DC-3330-22-0003-I-1 (M.S.P.B. Jan. 10, 2022). This document is referenced as "TAB 4 . . . Agency – Agency Representative Addition" on SAppx. 18.

Agency Personnel Action of Decision (Non-retirement) at SAppx. 24. His appeal was assigned to an Administrative Judge in the Washington Regional Office of the Board.

## III

On October 24. 2021, the Agency filed a Motion to Dismiss Mr. Oram's appeal.[3] Agency File and Motion to Dismiss (Oct. 24, 2021). The Agency argued for dismissal on

---

[3] The Agency's Motion to Dismiss recites that Mr. Oram was hired on May 31, 2017, as an IT Specialist under Vacancy Announcement FY17-BC033-1935010-RB. Agency File and Motion to Dismiss at 3. When told the starting grade and salary for the position would be set at GS-7, Step 1, Mr. Oram expressed his desire for a higher grade and salary. *Id.* The Agency offered to increase the rate of pay to GS-7, Step 10, and in response, Mr. Oram asked if the Agency would pay him a "23% or any recruitment bonus" for the first two to three years of his appointment. *Id.* at 3-4. The Agency rejected his request, and on June 12, 2017, Mr. Oram declined the position citing "personal reasons and salary considerations." *Id.* at 4. Then, on August 9, 2017, Mr. Oram filed a request for corrective action with the Department of Labor alleging the Agency's grade and pay decision violated mandatory pay and grade statutes and regulations. *Id.* The Department of Labor rejected his request for corrective action, and on timely appeal, an administrative judge in an Initial Decision found against Mr. Oram because he failed to prove by a preponderance of the evidence that the Agency violated his rights under a statute or regulation relating to veterans' preference. *Id.* (citing Initial Decision, *Oram v. Dep't of the Air Force*, Docket No. DC-3330-18-0056-I-1 (M.S.P.B. Dec. 22, 2017)). Mr. Oram appealed the adverse Initial Decision to the Board, which issued its Final Order in the case on September 8, 2022, affirming the Initial Decision. Final Order, *Oram v. Dep't of the Air Force*, Docket No. DC-3330-18-0056-I-1 (M.S.P.B. Sept. 8, 2022).

two grounds: first, that Mr. Oram failed to identify any statute or regulation relating to veterans' preference that the Agency allegedly violated; and second, that, even if Mr. Oram had made non-frivolous allegations of VEOA violations, Mr. Oram's complaint to the Department of Labor was untimely filed, and the untimeliness was not excusable, either for equitable tolling under *Kirkendall*, or by application of the discovery rule. Agency File and Motion to Dismiss at 8-13. The Agency understood Mr. Oram to have invoked the discovery rule by arguing that the sixty-day filing time did not begin to run until he discovered the Agency allegedly awarded an IT position to another person who lacked Mr. Oram's standing as a preference eligible. *Id.* at 9-10.

On January 10, 2022, the Administrative Judge issued the *Board Decision*[4] denying Mr. Oram's request for corrective action under VEOA on the ground that he failed timely to present his complaint to the Department of Labor. *Board Decision* at 1-7. The *Board Decision* elided the first ground of the Agency's motion to dismiss and focused on the second ground. *Id.* at 4-7. The Administrative Judge held that Mr. Oram received notice on October 5, 2016, that his job offer was withdrawn but waited nearly five years before filing his VEOA complaint on September 11, 2021. *Id.* at 4-5. Further, Mr. Oram failed to identify factual grounds sufficient to justify invocation of equitable tolling. *Id.* at 5-6 (citing *Kirkendall*, 479 F.3d at 843-44; *Irwin v. Veterans Admin.*, 498 U.S. 89, 96 (1990)). The decision addressed Mr. Oram's argument that the sixty-day period should only begin to run from when he discovered that the Agency had awarded an IT position to a person with alleged less veterans' preference. *Board Decision* at 6. The

---

[4]    This was technically an Initial Decision. However, because Mr. Oram did not appeal the Initial Decision to the Board, by force of law the Initial Decision on February 14, 2022, became the final decision of the Board, subject to timely review by this Court. *Board Decision* at 7-8.

argument was inconsistent with the language of the statute, which unambiguously keys the prescribed time to the "date of the alleged violation," and equally unambiguously leaves no room for an interpretation that would key the prescribed time to the date of discovery of the alleged violation. *Id.* Further, even assuming that the discovery rule could apply to VEOA complaints, the decision held that in this case the rule would be unavailing because the award of an IT job to another person in 2017 did not invoke VEOA rights in Mr. Oram, and even if it did, the record did not show that the other person was less veterans' preference qualified than Mr. Oram. *Id.* at 6-7.

IV

Mr. Oram timely petitioned this Court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9). Our authority to review a final Board decision is limited by law. We may not set aside a final Board decision unless we determine that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence[.]" 5 U.S.C. § 7703(c); *see also Bridgestone/Firestone Rsch., Inc. v. Auto. Club de l'Ouest de la France*, 245 F.3d 1359, 1361 (Fed. Cir. 2001).

V

On appeal, Mr. Oram does not challenge the Board's finding that his VEOA complaint was untimely or its holding that absent a timely filing, his request for corrective action under VEOA must be denied. He recognizes that to prevail, he must convince us that he is entitled to equitable tolling or application of the discovery rule.

With regard to equitable tolling, the Board correctly noted that the doctrine requires more than ordinary neglect to invoke its application. *See Irwin*, 498 U.S. at 96. Mr. Oram has not shown that the Agency somehow prohibited him from filing his complaint within sixty days from the date his acceptance was rescinded, or that he met the

filing date with a defective complaint, or any other reason to apply equitable tolling.

With regard to the discovery rule, the Board correctly focused on the language of the statute, which expressly keys the sixty-day time rule to the date of the alleged violation, not the date upon which the alleged violation was discovered by a complainant. In *Rotkiske v. Klemm*, the Supreme Court explained that the discovery rule comes in two iterations. __ U.S. __, 140 S. Ct. 355, 360 (2019).

First, as a matter of statutory interpretation, a court looks to the relevant statute to determine whether, for the specified filing time, Congress has triggered the start of the filing time from the date of an alleged violation of law, or from the date of discovery of the alleged violation. *Id.* If Congress has unambiguously identified the trigger date as the date of the alleged violation of law, there is no room for the discovery rule to operate. *Id.* at 360-61. The VEOA unambiguously triggers the running of the sixty-day filing time from the date of the alleged violation. *See* 5 U.S.C. § 3330a(a)(2)(A) ("A complaint under this subsection must be filed within 60 days *after the date of the alleged violation.*" (emphasis added)). Mr. Oram gains no benefit from this iteration of the discovery rule.

Second, when a complainant has been fraudulently induced to miss a required time deadline, a separate and distinct equitable, fraud-specific discovery rule may excuse failure to meet a required time deadline. *Rotkiske*, __ U.S. at __, 140 S. Ct. at 361. This iteration of the discovery rule traces from *Bailey v. Glover*, 88 U.S. 342 (1875), and has been recognized by the Supreme Court in a long line of cases, cited in *Rotkiske*. *Rotkiske*, __ U.S. at __, 140 S. Ct. at 361. Because Mr. Oram did not argue at the Board, or in his brief here, for relief under the fraud-specific discovery rule, the issue is not before us, and he cannot rely on this doctrine to excuse his otherwise untimely filing. And even if the issue were before us, Mr. Oram cites to no evidence in the record that would support a claim that the

Agency fraudulently induced Mr. Oram to miss his filing deadline at the Department of Labor.

Mr. Oram's other grounds for relief lack merit. First, he notes that he has filed a complaint against the Agency under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), a law that protects military service members and veterans from employment discrimination on the basis of their service. Pet'r's Opening Br. Continuation at 13-24. He avers that his USERRA complaint is related to his VEOA complaint, and therefore, he should have no duty to pursue his VEOA complaint through exhaustion of the Department of Labor process. *Id.* at 27. Mr. Oram cites no legal authority for negating the specific terms of the VEOA statute, and we know of none.

Second, Mr. Oram argues that the Board committed reversible error when it denied his discovery requests for further information about the veterans' preference status of the candidate who was awarded the IT position in 2017 to bolster his claim to benefit from the discovery rule. *Id.* at 29-33. We review the Board's discovery rulings for abuse of discretion and will not "second-guess the trial tribunal on procedures except where the abuse of discretion is clear and harmful or where exceptional circumstances are present." *Spezzaferro v. Fed. Aviation Admin.*, 807 F.2d 169, 173 (Fed. Cir. 1986). We discern no abuse of discretion in the Board's denial of Mr. Oram's discovery request.

Third, Mr. Oram broadly challenges the facts found by the Board: "the Board accepted biased evidence authored completely by the Agency," and the "Board used one sided evidence." Pet'r's Opening Br. Continuation at 25. His challenge lacks specificity and does not address the facts relevant to the appeal, namely the facts that demonstrate untimely filing at the Department of Labor, all of which are supported by substantial evidence in the record.

Finally, Mr. Oram alleges at numerous places in his brief that the Administrative Judge assigned to his case is

biased against him and that his case should be assigned to another judge in the event we remand the case for further proceedings. *Id.* at 37. The Board's docket for this case shows no motion by Mr. Oram to disqualify the Administrative Judge under 5 C.F.R. § 1201.42(b). Thus, the issue is not preserved for judicial review. *See Generette v. Merit Sys. Prot. Bd.*, 681 F. App'x 929, 933 (Fed. Cir. 2017). Even were the issue before us, Mr. Oram claims bias in rulings adverse to him, and such alleged bias is insufficient to warrant disqualification. *See Shu v. Merit Sys. Prot. Bd.*, 845 F. App'x 934, 937 (Fed. Cir. 2021) (finding prior rulings adverse to petitioner were insufficient to demonstrate judicial bias). And since we affirm, the issue is moot.

## CONCLUSION

After careful review of Mr. Oram's brief on appeal, the record of the proceedings before the Board, and all of Mr. Oram's arguments, we are unable to discern any material error of fact or law, or abuse of discretion in the Board's decision. We therefore affirm the Board's denial of Mr. Oram's request for corrective action under VEOA.

## **AFFIRMED**

### COSTS

No costs.