**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-2195

———————

IN RE: DIET DRUGS (PHENTERMINE/FENFLURAMINE/DEXFENFLURAMINE)
PRODUCTS LIABILITY LITIGATION

NORMA SCHLAGER,
Appellant

———————————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-99-cv-20593; 2-11-md-01203; 2-15-md-01203)
District Judge: Honorable Harvey Bartle, III

———————————————————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 16, 2020

Before: HARDIMAN, PORTER, and PHIPPS, *Circuit Judges*.

(Opinion filed: January 21, 2020)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

This appeal addresses the timeliness of a claim for benefits under a nationwide class action settlement related to the ingestion of diet drugs and the onset of valvular heart disease. The terms of the settlement agreement provided for two damage matrices: a low-level matrix and a high-level matrix. Norma Schlager is a class member who initially sought low-level matrix benefits. She now seeks high-level matrix benefits due to valvular heart surgery she underwent on September 2, 2010, and a stroke she had on June 29, 2014.

Due to the terms of the settlement agreement and her lack of an opt-out, Schlager's ability to recover high-level matrix benefits is governed by the Seventh Amendment to the settlement agreement. Under that provision, to seek high-level matrix benefits after initially requesting low-level matrix benefits, a class member must meet certain requirements. For Schlager, who last ingested diet drugs in 1995, she needed to experience a qualifying event triggering a claim for benefits (a) no later than December 31, 2011, and (b) while she was 79 years old or under. And to request high-level matrix benefits, she needed to submit a document, referred to as the Green Form, to the administrator of the settlement trust. The Green Form had to be completed either by her or her representative, and a physician.

Originally, the Seventh Amendment did not include a time period for submitting a Green Form. But an order entered by the District Court, referred to as 'Court Approved Procedure 16,' imposed deadlines for the Green Form. That order dictated that a completed Green Form must have been received within four years after the later of (i) the

2

date of the order, which was entered on November 8, 2010, or (ii) the first diagnosis of "the last occurring condition or event upon which the claim for [high-level matrix benefits] is based." Court Approved Procedure No. 16 at 2, In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liab. Litig., 2:11-md-01203 (E.D. Pa. Nov. 5, 2001).

Here, Schlager seeks Level IV high-level matrix benefits based on her 2010 surgery and her 2014 stroke. To obtain those benefits, Schlager completed and submitted a Green Form, which was received on February 6, 2017. The settlement trust administrator denied Schlager benefits, and Schlager contested that outcome.

Consistent with the terms of the class action settlement agreement, the District Court then referred the dispute to arbitration. The arbitrator upheld the denial of benefits related to Schlager's 2010 surgery because the Green Form was submitted too late. Her 2017 Green Form was received over four years past both the entry of Court Approved Procedure 16 and her 2010 surgery. The arbitrator also upheld the denial of benefits related to Schlager's 2014 stroke for two reasons: her stroke occurred after December 31, 2011, and she was 81 years old at the time.

Schlager then appealed the arbitrator's decision to the District Court, which, in exercising jurisdiction, *see* 28 U.S.C. § 1332, affirmed the arbitrator's award.

Schlager appealed again to this Court. With jurisdiction over a final order affirming an arbitration award, *see* 28 U.S.C. § 1291, we review factual findings for clear error and legal conclusions *de novo*. *See Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012).

3

I

This appeal is not the first time that this Court has addressed an untimely claim by Schlager to recover for her 2010 surgery. In 2015, she submitted two Green Forms requesting Level III high-level matrix benefits based on that surgery. *See generally In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liab. Litig.*, 763 F. App'x 237 (3d Cir. 2019). This Court determined that those Green Forms were late and that their untimeliness could not be excused based on due process, lack of notice, equitable tolling, or other reasons. *Id.* at 241-43, 243 n.25.

This time, Schlager seeks to recover based on a more untimely Green Form, which sought greater benefits – those under Level IV, up from Level III. Schlager argues that the 2017 Green Form should be deemed timely due to the discovery rule, the relation-back doctrine, equitable tolling, class action protocols, and guidance from the Federal Judicial Center. To put it mildly, none of those arguments have any merit.

Schlager first attempts to invoke discovery rule, by asserting that the deadlines imposed by Court Approved Procedure 16 "worked a fraud on [her]." That argument misapprehends the discovery rule at a fundamental level. The discovery rule tolls a statute of limitations in certain instances based on the new discovery of an injury and its cause – not for the discovery of a court-approved procedure for submitting claims. *See Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014); *Crouse v. Cyclops Indus.*, 745 A.2d 606, 611 (Pa. 2000); *see also Rotkiske v. Klemm*, 140 S. Ct. 355, 361 (2019).

Schlager next argues that the relation-back doctrine should be applied to her 2017 Green Form. Specifically, she argues that the 2017 Green Form should relate back to her

4

2015 Green Forms. The relation-back doctrine is a rule of pleading, *see Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 547 (2010), and it does not apply to claim forms submitted to a settlement trust. Nor would relation-back preserve Schlager's claims. As this Court previously held, even those 2015 Green Forms were untimely. *See In re Diet Drugs*, 763 F. App'x at 243.

Schlager's equitable tolling arguments also come up empty. None of the circumstances necessary for equitable tolling are present here. *See In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, 795 F.3d 380, 400 (3d Cir. 2015) (setting forth three circumstances in which equitable tolling has been permitted). Nothing indicates that Schlager was actively misled, that she was prevented from filing a Green Form, or that she filed a Green Form in the wrong forum. *See id.*

In next arguing that she acted with "extraordinary diligence" in pursuing a claim for her 2010 surgery, Schlager re-packages an argument previously rejected by this Court. *See In re Diet Drugs*, 763 F. App'x at 242-43. Nothing she presents this time around favors a different outcome.

In another effort to justify her untimeliness, Schlager attempts to blame the settlement trust administrator. Specifically, she contends that rather than permitting her to continue *pro se*, the trust administrator should have notified her that she was entitled to the service of class counsel. That obligation of the trust administrator to notify a *pro se* claimant of the availability of legal services by class counsel arises from a court order, referred to as 'Court Approved Procedure 3.' That duty, however, is limited to instances in which "a pro se claimant is likely to be unable to complete a claim without assistance,

5

would benefit from assistance of counsel and is likely to be prejudiced as a result of absence of assistance of counsel." Court Approved Procedure No. 3 at 2, In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liab. Litig., 2:11-md-01203 (E.D. Pa. Nov. 15, 2001). And based on Schlager's prior *pro se* submission of a Green Form in 2003 – allowing her to obtain low-level matrix benefits – the conditions prompting notice by the trust administrator were not present with respect to Schlager's subsequent Green Form submissions.

Schlager closes with the claim that the District Court erred by failing to follow model notice procedures published by the Federal Judicial Center. Perhaps suggestive of a lack of any potential merit, Schlager does not adequately develop that argument, which does not provide a basis for overturning the judgment against her. *See generally Sw. Pa. Growth All. v. Browner*, 121 F.3d 106, 122 (3d Cir. 1997) ("[A]ppellate courts generally should not address legal issues that the parties have not developed through proper briefing.").

## II

Regardless of the timeliness of her Green Form, Schlager cannot recover for her 2014 stroke under the terms of the settlement agreement. The stroke occurred on June 29, 2014, after the December 31, 2011 deadline for a qualifying event. Also, because Schlager was 81 years old when she suffered that stroke, she was not eligible to recover benefits for it.

## III

For the foregoing reasons, we will affirm the judgment of the District Court.