# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 18-2121

JOHN F. CAMERON, APPELLANT,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued January 14, 2020                                    Decided January 30, 2020)

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*Jessica K. Grunberg*, with whom *James M. Byrne*, General Counsel; *Mary Ann Flynn*, Chief Counsel; and *Kenneth A. Walsh*, Deputy Chief Counsel, all of Washington, D.C., were on the brief for the appellee.

Before GREENBERG, ALLEN, and TOTH, *Judges*.

TOTH, *Judge*: 38 C.F.R. § 14.636(c) permits attorneys representing veterans before VA to charge fees for services rendered prior to a final Board decision only if the Notice of Disagreement (NOD) in the veteran's case was filed on or after June 20, 2007.[1] The question presented here is whether this regulation is consistent with its authorizing statute, 38 U.S.C. § 5904.

We hold that it is. Congress expressly provided that the amendments to section 5904 permitting attorneys to charge fees at an earlier point during proceedings "shall take effect on the date that is 180 days after the date of the enactment of this Act and shall apply with respect to services of agents and attorneys that are provided with respect to cases in which notices of disagreement are filed on or after that date." Veterans Benefits, Health Care, and Information Technology Act of 2006, Pub. L. No. 109–461, § 101(h), 120 Stat. 3403, 3408. Nobody contests that June 20, 2007, marked the 180th day after enactment and so constitutes the date the amendments took effect. And because the plain language of the law's applicability provision

---

[1] Throughout this decision we refer to the versions of the regulation and statute in effect at the time the Board rendered its decision. Although the Veterans Appeals Improvement and Modernization Act of 2017 changed the relevant law in several respects, those changes are not applicable in this case. *See* Pub. L. No. 115–55, § 2(x), 131 Stat. 1105, 1115.

establishes that the changes apply to cases where the NOD is filed "on or after that date," *id.*, we find no conflict between the Agency's rule and the statute. We thus affirm.

The facts are undisputed. Attorney John F. Cameron seeks attorney's fees related to his successful representation of Army veteran Charles G. Bolden. Specifically, Mr. Bolden filed a claim in 2004 for neuropathy in his lower extremities. VA granted service connection for the condition and assigned noncompensable ratings for both extremities. In 2005, Mr. Cameron filed an NOD on the veteran's behalf, seeking higher ratings. After another denial, Mr. Cameron filed a substantive appeal, and, while the veteran's appeal was pending before the Board, VA issued a decision in 2011, increasing the veteran's ratings from 0% to 20%, effective August 2004. In light of this favorable decision, the matter never reached the Board.[2]

Having obtained higher ratings for the veteran, Mr. Cameron sought attorney's fees under section 5904, which VA denied. The Board reached the same result in the January 2018 decision before us now. Relying on § 14.636(c), the Board found that, because the NOD in the case was filed in 2005, attorney's fees were only payable for services rendered after a final Board decision. And because no such decision issued in the veteran's case, fees for past-due benefits were not warranted.[3] Mr. Cameron appealed.[4]

Before June 2007, attorneys were prohibited from charging fees for services provided prior to a final Board decision. *See Cameron v. Shinseki*, 26 Vet.App. 109, 113 (2012). Congress changed the law to allow attorneys to charge fees for services rendered prior to a final Board decision but not before an NOD was filed. *See* § 101(c)(1), (d), 120 Stat. at 3407–08. The regulation at issue here, § 14.636(c), was promulgated in part to reflect this change. *See* 73 Fed. Reg. 29,852, 29,852 (May 22, 2008) (final rule).

The appellant contends that the statutory change merely replaced the issuance of a final Board decision with the filing of an NOD as the new event-specific limitation, prior to which attorneys are prohibited from charging for services. By his interpretation, it doesn't matter when

---

[2] The 2011 favorable decision was issued by a decision review officer during the course of separate proceedings unrelated to this matter. The record doesn't indicate whether Mr. Bolden appealed the decision or took any other actions related to his neuropathy claims.

[3] The Secretary informed the veteran on June 26, 2018, that the Board denied attorney's fees and that the appellant chose to appeal that decision to this Court. The veteran was also informed of his rights as to these proceedings but did not file a Notice of Intent to Intervene with the Court. *See* U.S. VET. APP. R. 15.

[4] Mr. Cameron has Article III standing to bring this appeal because he alleges "a loss of fees (a concrete injury)" due to the Board's application of the challenged regulation. *In re Stanley*, 9 Vet.App. 203, 210 (1996).

the NOD was filed; any services rendered after the law's effective date, June 20, 2007, can warrant fees so long as an NOD was filed prior to rendering those services.

The problem with this argument is that it flatly ignores that the statute's effective date provision serves two functions: it establishes not just the effective date but also the claims to which the amendments were made applicable. Subsection (h) of section 101 states:

> EFFECTIVE DATE.—The amendments made by subsections (c)(1) and (d) shall take effect on the date that is 180 days after the date of the enactment of this Act *and shall apply with respect to services of agents and attorneys that are provided with respect to cases in which notices of disagreement are filed on or after that date.*

120 Stat. at 3408 (emphasis added).

"In statutory interpretation disputes, a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself," *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2364 (2019), and the ordinary meaning is inescapable here. The references to sections (c)(1) and (d) relate to the substantive changes described above, authorizing fees at an early stage in proceedings. *See* 120 Stat. at 3407–08. And 180 days after enactment was June 20, 2007. Thus, the amendment became effective on June 20, 2007, and the shift from final Board decision to NOD as the clear line where attorneys may begin to charge fees was authorized only for those cases where an NOD was "filed on or after that date." *Id.* at 3408. Where "the words of a statute are unambiguous, this first step of the interpretive inquiry is our last." *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019). We thus repeat what we said in *Cameron*, that this change "is effective for NODs filed after June 19, 2007." 26 Vet.App. at 113.

The Court recognizes that the relevant statutory language was not codified in a specific provision of the U.S. Code but instead appears as a "note" to section 5904. The appellant seems to quarrel with the Agency's reliance on language not codified in formulating the rule at issue here. But a provision's placement in a note doesn't change the fact that such language "bears the full weight of federal law." *Ravin v. Wilkie*, 31 Vet.App. 104, 108 n.3 (2019) (en banc) (quotes omitted).

In closing, we find no daylight between the regulation and the statute. Section 14.636(c) imposes the very restriction that the law commands and conflict between the relevant provisions can only be manufactured by ignoring the plainest of language.

Accordingly, the January 9, 2018, Board decision is AFFIRMED.