NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFREDO HERNANDEZ; GRACIELA HERNANDEZ,<br><br>                  Plaintiffs-Appellants,<br><br>  v.<br><br>SPECIALIZED LOAN SERVICING LLC; et al.,<br><br>                  Defendants-Appellees,<br><br> and<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; et al.,<br><br>                  Defendants. | No.   19-55163<br><br>D.C. No.<br>2:17-cv-04294-GW-JEM<br><br><br>MEMORANDUM[*] |
| ALFREDO HERNANDEZ,<br><br>                  Plaintiff-Appellant,<br><br>  v.<br><br>BAYVIEW LOAN SERVICING, LLC; et al.,<br><br>                  Defendants-Appellees. | No.   19-56313<br><br>D.C. No.<br>2:19-cv-01237-GW-JEM |

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted November 13, 2020[**]
Pasadena, California

Before: CHRISTEN and WATFORD, Circuit Judges, and ROSENTHAL,[***] District Judge.

The district court properly granted summary judgment to defendants Specialized Loan Servicing (SLS), Five Brothers, and Standard Field Services (SFS) on the plaintiffs' Fair Debt Collection Practices Act (FDCPA) claims, and to SLS on the plaintiffs' Fair Credit Reporting Act (FCRA) claims. The district court also properly dismissed the claims against Bayview Loan Servicing and Bank of New York Mellon (BoNYM) and granted judgment on the pleadings to Equifax and Experian on claim and issue preclusion grounds.

**1.** The district court correctly held that the plaintiffs' FDCPA claim against SLS was time-barred. The FDCPA requires that a plaintiff bring his action within one year of the date on which the alleged violation occurred. 15 U.S.C. § 1692k(d); *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019). The last time SLS

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

reported the plaintiffs' delinquent loan to the credit reporting agencies was in November 2013, after which point it stopped servicing the loan. Thus, the very latest a violation could have occurred was November 2013. The plaintiffs did not bring their claim until 2017.

**2.** The district court also correctly held that, for purposes of all of plaintiffs' FDCPA claims except their claim under § 1692f(6), Five Brothers and SFS are not "debt collectors." The statute defines "debt collector" as any person whose "principal purpose . . . is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due." 15 U.S.C. § 1692a(6). This court has held that attempts to facilitate a non-judicial foreclosure do not qualify as attempts to collect debt. *Ho v. ReconTrust Co., NA*, 858 F.3d 568, 571–72 (9th Cir. 2016). Five Brothers is principally a property preservation company, and its posting of door hangers asking the plaintiffs to contact Ditech cannot be construed as "regular[] . . . attempts to collect" debts. 15 U.S.C. § 1692a(6). And SFS simply uses software to broker inspections and send Five Brothers' work orders to independent contractor inspectors.

**3.** The FDCPA provides that, for purposes of § 1692f(6), the term "debt collector" also includes any person whose principal purpose is "the enforcement of security interests." 15 U.S.C. § 1692a(6). It is debatable whether Five Brothers

and SFS qualify as debt collectors for purposes of § 1692f(6), but the district court correctly concluded that, even if they do, they did not violate the statute.

Under § 1692f(6), it is a violation of the Act to take or threaten to take "any nonjudicial action to effect dispossession or disablement of property" if there is "no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6). The district court correctly determined that Five Brothers and SFS did not violate this provision because Ditech—on whose behalf Five Brothers and SFS were working—had a "present right to possession of the property." The plaintiffs argue that Ditech had no right to possess their home because they were current on their loan. But this argument is dependent on the plaintiffs' contention that the Loan Modification Agreement they entered into with Bank of America capitalized their escrow balance. The plain language of the Agreement establishes that the escrow balance was not capitalized. The Agreement stated that the new principal loan amount "may include . . . escrow payments," but only if the parties so agreed. There was no such agreement. Other portions of the Loan Modification Agreement and accompanying offer letter confirm that the escrow balance was not capitalized. Thus, the plaintiffs had an obligation to pay escrow as part of their monthly payments; they failed to do so and became delinquent on their loan, as admitted by their own expert. Their

delinquency gave Ditech a "present right to possession of the property." 15 U.S.C. § 1692f(6).

4. As to the FCRA claims, plaintiffs failed to establish that SLS neglected its duty to conduct reasonable investigations of the dispute notices it received from the credit reporting agencies (CRAs). SLS had standard procedures in place—involving review of payment history, account status, etc.—to ensure that all credit disputes were investigated in accordance with the requirements of the FCRA. Nothing in the record indicates that SLS neglected to apply those procedures to the plaintiffs' disputes. The plaintiffs object that SLS should have conducted an audit of Bank of America's original payment records and the Loan Modification Agreement. But the reasonableness of SLS's investigations is evaluated in light of "what it learned about the nature of the dispute from the description in the CRA's notice of dispute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). None of the dispute notices explained the plaintiffs' theory that the Loan Modification Agreement had capitalized their escrow balance—rather, they stated in generic terms that the plaintiffs were contesting an "incorrectly reported delinquent amount" or an "erroneous balance." SLS's investigations were reasonable in light of these generic dispute notices.

5. Finally, with regard to Alfredo Hernandez's second lawsuit, the district court properly dismissed the claims against Bayview and BoNYM on claim and

issue preclusion grounds. It also properly granted judgment on the pleadings to Equifax and Experian on issue preclusion grounds. On appeal, Hernandez does not challenge the district court's application of these preclusion doctrines. He merely argues that if this court were to reverse the district court's judgment in the first case, it should do so as well in the second case because preclusion would no longer apply. Given that we affirm the judgment in the first action, we affirm the judgment in the second action as well.

**AFFIRMED.**