RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 22a0005p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ALI EL-KHALIL, DPM,

                    *Plaintiff-Appellant*,

v.

OAKWOOD HEALTHCARE, INC., dba Beaumont
Hospital – Taylor,

                    *Defendant-Appellee*.

No. 21-2669

_____

Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
No. 2:19-cv-12822—Laurie J. Michelson, District Judge.

Decided and Filed:  January 10, 2022

Before:  COLE, LARSEN, and MURPHY, Circuit Judges.

_____

## COUNSEL

_____

**ON BRIEF:**  Kassem M. Dakhlallah, HAMMOUD DAKHLALLAH & ASSOCIATES, PLLC, Dearborn, Michigan, for Appellant.  Thomas M. Schehr, Jill M. Wheaton, Theresa A. Munaco, DYKEMA GOSSETT PLLC, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

LARSEN, Circuit Judge.  Decision or discovery?  This case is about which of those events triggers the statute of limitations for a retaliation claim under the False Claims Act (FCA), 31 U.S.C. § 3730(h).  The district court, in keeping with the statutory text and the traditional rule, concluded that Dr. Ali El-Khalil's claim was time barred because the limitations period commenced when Oakwood Healthcare, Inc. decided not to renew El-Khalil's medical-staff

privileges, rather than when it notified El-Khalil of that decision five days later.  We agree and AFFIRM.

I.

Oakwood operates several hospitals in the Detroit metropolitan area, including one in Taylor, Michigan.  Oakwood physicians must regularly reapply for staff privileges, which Oakwood grants for up to two years.  El-Khalil, a podiatrist, joined the Oakwood Taylor medical staff in 2008.  During his time there, El-Khalil alleges that he saw Oakwood employees submit fraudulent Medicare claims, which he reported to the federal government.

In 2015, Oakwood Taylor's Medical Executive Committee (MEC) rejected El-Khalil's application to renew his staff privileges.  El-Khalil alleges that the MEC did so in retaliation for his whistleblowing.  Pursuant to Oakwood's Medical Staff Bylaws, El-Khalil commenced a series of administrative appeals.  Eventually, on September 22, 2016, El-Khalil found himself before Oakwood's Joint Conference Committee (JCC), which had the authority to issue a final, non-appealable decision.  The JCC received oral and written arguments from the parties.  El-Khalil then left for the evening.  The JCC voted that night to affirm the denial of El-Khalil's staff privileges.  According to Dr. David Walters, a member of the JCC who was present for the vote, the decision was "final."

On September 27, 2016, the JCC sent El-Khalil written notice of its decision.  The JCC stated that it had convened on September 22, heard oral argument, reviewed written statements and El-Khalil's record, and "agreed that Dr. El-Khalil had not met" his burden of proof on appeal, so it had decided to affirm the MEC's decision.

Three years later, on September 27, 2019, El-Khalil sued Oakwood for violating the whistleblower provision of the FCA, 31 U.S.C. § 3730(h).  In response to Oakwood's motion to dismiss his claim as untimely, El-Khalil clarified that he was complaining only about the JCC's action, so the district court ordered limited discovery on when the JCC finalized its decision.  After discovery, Oakwood moved for summary judgment; it argued that the JCC's decision became final when it voted on September 22, putting El-Khalil's claim outside the three-year statute of limitations.

The district court agreed that El-Khalil's claim was time barred and granted summary judgment to Oakwood. El-Khalil appealed.

II.

We review the district court's summary judgment decision de novo. *Franklin Am. Mortg. Co. v. Univ. Nat'l Bank of Lawrence*, 910 F.3d 270, 275 (6th Cir. 2018). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The sole question before us is whether the limitations period commenced on September 22, when the JCC voted to affirm the decision not to renew El-Khalil's staff privileges, or on September 27, when the JCC notified El-Khalil of that decision in a written letter. If the former is true, then the district court properly held that El-Khalil's claim is time barred; if the latter, then his claim is timely. Fortunately, the statutory text affords a ready answer.

The FCA provides a cause of action for any individual who is retaliated against by his employer because of his assistance with an FCA investigation or proceeding. 31 U.S.C. § 3730(h). Such an action "may not be brought more than 3 years after the date when the retaliation occurred." *Id.* § 3730(h)(3). This text is unequivocal: The limitations period commences when the retaliation actually happened. *Id.*; *cf. Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019). This conclusion is hardly groundbreaking. The statute simply adopts "the standard rule" that the limitations period begins when the plaintiff "can file suit and obtain relief." *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997); *see also Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 419 (2005) (noting most retaliation claims accrue "when the retaliatory action occurs").

The record is clear that "the retaliation occurred" on September 22 when the JCC voted to affirm the denial of El-Khalil's staff privileges. The JCC's letter to El-Khalil states that it "agreed" after deliberation to affirm the MEC's decision. And Walters testified without contradiction that the JCC "deliberated and voted to affirm the MEC's decision that night." El-Khalil himself concedes that the JCC made "an oral decision" that night. He contends

that the decision was not "final" until the JCC delivered its written letter, but that position lacks any evidentiary support.  According to Walters, "the decision was final" after the JCC members "formally" voted at the meeting.  The JCC's letter didn't change that.  In accordance with Oakwood's Bylaws, the letter merely "communicated" "[t]he action of the [JCC]" to El-Khalil; it memorialized an already final decision.

El-Khalil argues that he did not have a complete cause of action until September 27 because he did not have "notice, actual or constructive, of the JCC's decision" until that date.  But no notice requirement is found in the text of § 3730(h).  As soon as Oakwood "discriminated against" El-Khalil "because of" his FCA-protected conduct, § 3730(h)(1), he had a ripe "cause of action triggering the limitations period," *Bay Area Laundry*, 522 U.S. at 202; *see also Everly v. Everly*, 958 F.3d 442, 463 (6th Cir. 2020) (Murphy, J., concurring) (under the occurrence rule, once "the claim's required legal elements" have transpired, the limitations period begins, "whatever the plaintiff's knowledge").

In effect, El-Khalil asks us to hold that the limitations period for an FCA retaliation claim does not run until the plaintiff knows of the facts giving rise to a claim.  That approach, however, flatly contradicts the statute's text, which starts the clock when the "retaliation occurred," not when it was discovered.  31 U.S.C. § 3730(h)(3).  We cannot provide the "[a]textual judicial supplementation" El-Khalil wants, especially when other sections of the FCA show that Congress knows how to adopt a discovery rule when it so desires.  *Rotkiske*, 140 S. Ct. at 361; *accord TRW Inc. v. Andrews*, 534 U.S. 19, 28–29 (2001); *see* 31 U.S.C. § 3731(b)(2) (limiting certain FCA actions based on "when facts material to the right of action are known or reasonably should have been known").

El-Khalil's reliance on our decision in *Johnson v. Memphis Light Gas & Water Division*, 777 F.3d 838 (6th Cir 2015), is misplaced.  *Johnson* held that "a § 1983 federal civil rights claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action."  *Id.* at 843 (quotation marks omitted).  *But see Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (suggesting tension between *Johnson* and several Supreme Court decisions).  But using the discovery rule in the § 1983 context—a cause of action that takes its statute of limitations from state law rather than the U.S. Code, *Johnson*, 777 F.3d at 843—says

nothing about the meaning of § 3730(h)(3). That provision of the FCA plainly starts the limitations period when the "retaliation occur[s]" and says nothing about the plaintiff's knowledge. We need not go any further. *Rotkiske*, 140 S. Ct. at 360.

In the end, El-Khalil resorts to "public policy" reasons to urge us to adopt a discovery rule. If his retaliation claim accrued when the JCC made its oral decision without his knowledge, then El-Khalil worries that Oakwood could have delayed giving him written notice of its decision for three years, thus depriving him of an opportunity to sue entirely. That, of course, is not what happened here. If it were, equitable doctrines might have been available to halt the ticking of the limitations clock. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990) (equitable tolling); *TRW Inc.*, 534 U.S. at 27 (tolling for fraud or concealment). But since El-Khalil has not raised any of these doctrines, we do not consider whether they are consistent with § 3730(h). And, regardless, "[i]t is not our role to second-guess Congress' decision to include a 'violation occurs' provision, rather than a discovery provision, in [§ 3730(h)]." *Rotkiske*, 140 S. Ct. at 361.

\* \* \*

Because the three-year limitations period commenced on September 22, 2016, and El-Khalil filed suit on September 27, 2019, his claim is time barred. We AFFIRM.