**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAMELA RAE BENNETT; JAMES DAVIS BENNETT,

    Plaintiffs-Appellants,

 v.

CIELO HOMEOWNERS ASSOCIATION, INC; et al.,

    Defendants-Appellees.

No. 21-55550

D.C. No. 3:19-cv-02131-WQH-BLM

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted April 20, 2023[**]

Before: WALLACE, D. NELSON, and FERNANDEZ, Circuit Judges.

  Pamela Rae Bennett and James Davis Bennett appeal pro se from the district

court's order dismissing their action alleging claims under the Fair Debt Collection

Practices Act ("FDCPA") and state law arising from the collection of their

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

homeowner's association fees. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court dismissed the Bennetts' claims as barred by the *Rooker-Feldman* doctrine. However, the state judgment that formed the basis for the district court's application of *Rooker-Feldman* had been vacated, and thus, the doctrine did not apply. *See Mothershed v. Justs. Sup. Ct.*, 410 F.3d 602, 604 n.1 (9th Cir. 2005) ("Proceedings end for *Rooker-Feldman* purposes when the state courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum . . . .").

The Bennetts' federal claims were properly dismissed because the claims alleging misrepresentations in the state court complaint were time-barred and the remaining federal claims failed to allege facts sufficient to show that defendants made any material misrepresentation in connection with their collection of the homeowner's association fees. *See* 15 U.S.C. § 1692k(d) (establishing that a civil action under the FDCPA may be brought "within one year from the date on which the violation occurs"); *Rotkiske v. Klemm*, 140 S. Ct. 355, 360–61 (2019) ("The FDCPA limitations period begins to run on the date the alleged FDCPA violation actually happened," not "on the date an alleged FDCPA violation is discovered."); *Afewerki v. Anaya L. Grp.*, 868 F.3d 771, 775–76 (9th Cir. 2017) ("[F]alse but non-

material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under § 1692e . . . . Material false representations, then, are those that could cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort." (citations and internal quotation marks omitted)).

Because the district court previously declined to exercise supplemental jurisdiction after dismissing the Bennetts' federal claims, we hold that remand to address Bennetts' state law claims is unnecessary here.

The district court did not abuse its discretion in denying the Bennetts' motion for reconsideration because the Bennetts failed to set forth any basis to alter or amend the judgment. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 60). Even if the district court erred in not reconsidering the dismissal of the Bennetts' FDCPA claims on the basis of *Rooker-Feldman*, any such error was harmless because the claims failed on the merits. *See* Fed. R. Civ. P. 61.

The district court properly denied the Bennetts' motion for partial summary judgment as moot.

Finally, we do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time

on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED IN PART AND REMANDED IN PART WITH INSTRUCTIONS.**