[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11898

Non-Argument Calendar

_____

WILLIAM PAUL DEBOSKEY,

Plaintiff-Appellant,

*versus*

STATEBRIDGE COMPANY, LLC,
RED STICK ACQUISITIONS, LLC,
SOKOLOF REMTULLA, PLLC,
OWEN HARVEY SOKOLOF,
SHAFIN A. REMTULLA, et al.,

Defendants-Appellees,

DONALD ST. JOHN,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-02427-WFJ-AAS

_____

Before JILL PRYOR, BRANCH, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant William DeBoskey appeals from the district court's order granting the appellees/defendants' (collectively the "appellees") motion to dismiss his *pro se* second amended complaint, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"), and dismissing the complaint with prejudice. DeBoskey argues on appeal that the district court erred in dismissing his complaint because the claims within it were not time-barred and it stated sufficiently specific facts to state a claim. Having read the parties' briefs and reviewed the record, we affirm the district court's order of dismissal.

**I.**

We review a district court's application of the statute of limitations *de novo*. *NE 32nd Street, LLC v. United States*, 896 F.3d 1240, 1243 (11th Cir. 2018). We "give liberal construction to the pleadings of *pro se* litigants, [but] 'nevertheless [require] them to conform to procedural rules.'" *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

## II.

DeBoskey is a Florida resident who owns a homestead property in Hernando County. In 2005, DeBoskey refinanced the property through a mortgage and promissory note that was assigned to Goshen Mortgage. Goshen Mortgage filed a foreclosure action against the property in the state circuit court, and later, Red Stick Acquisitions, LLC was substituted for Goshen Mortgage in the foreclosure action. Red Stick filed an amended complaint in the state court foreclosure action in 2018. At this point, DeBoskey alleges that Red Stick began directing its agents to make false claims about his debt and make threats to foreclose on the property. These agents allegedly include Statebridge Company, a current appellee in this appeal, which serviced the mortgage, and two attorneys who represent Red Stick in the pending foreclosure action and are also named appellees.

In 2021, after amending and filing four answers in the foreclosure action, DeBoskey moved for leave to amend his answer to include a counterclaim against the appellees for violations of the FDCPA and the FCCPA. The state circuit court denied his motion

for leave to amend, explaining that DeBoskey failed to show sufficient cause to permit the filing of a fifth answer and new counterclaim in an action that had been pending for over five years.

While the foreclosure action remained pending, DeBoskey filed the federal suit, raising the same FDCPA claim against appellees that the state court had prohibited him from raising in the foreclosure action.  On January 5, 2023, approximately three months after DeBoskey filed the federal action, the state circuit court entered an order setting the foreclosure action for trial on February 8, 2023.  Six days later, DeBoskey filed an amended complaint in the federal court action, raising three claims that were all related to the foreclosure proceedings: (1) an FDCPA claim; (2) an FCCPA claim; and (3) a declaratory judgment action.  The district court granted the appellees' first motion to dismiss but allowed DeBoskey to file a second amended complaint.  Upon the appellees' request for dismissal of the second amended complaint, the district court ordered that it be granted and dismissed the case with prejudice.

### III.

"A statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'"  *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (omission and alterations in original) (quoting *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993)), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  "[O]ur cases say that a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the

face of the complaint' that the claim is time-barred." *Id*. (quoting *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003)).

An action alleging a violation of the FDCPA must be filed "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). "The FDCPA limitations period begins to run on the date the alleged FDCPA violation actually happened." *Rotkiske v. Klemm*, 589 U.S. ___, 140 S. Ct. 355, 360 (2019). An action alleging a violation of the FCCPA must be filed "within 2 years after the date the alleged violation occurred." Fla. Stat. Ann. § 559.77(4).

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920 (2007). A complaint need not have "'detailed factual allegations," but it must have "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1966 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (alteration in original) (citation omitted) (quoting *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. 1955, 1966).

## IV.

The record demonstrates that the district court did not err in dismissing DeBoskey's complaint with prejudice. The district

court explained that DeBoskey's claims were untimely because he received service of the complaint in the foreclosure action in 2018 and filed the federal suit four years later. The district court noted that DeBoskey's second amended complaint was almost identical to the first amended complaint, and that DeBoskey's attempts to skirt the statute of limitations in the FDCPA and FCCPA actions were unavailing. The district court further stated that DeBoskey failed to provide any facts to support his vague allegations, which amounted to nothing more than the appellees' participation and maintenance of the foreclosure action. Thus, the district court dismissed the second amended complaint with prejudice.

We conclude, from the record, that the district court did not err by dismissing DeBoskey's second amended complaint because it was either time-barred by the statute of limitations or failed to state a claim. The complaint could be interpreted two ways: the first is that the complaint alleges that the appellees violated the FDCPA and the FCCPA in relation to the state court foreclosure proceedings. Although DeBoskey states on appeal that he did not allege that the filing of the foreclosure action itself was a violation of the FDCPA and the FCCPA, he alleges that the appellees filed papers and announced the false claims to third parties. This appears to refer to that foreclosure action. Further, DeBoskey alleges that the appellees also made threats to foreclose his property, asserted rights to enforce a lien on his property, and asserted rights to hold some interest in or against his property. These allegations refer to the foreclosure action and are time-barred because DeBoskey received service of the foreclosure action in 2018, which is

more than two years before the filing of the second amended complaint.

The second way that the complaint can be construed is that it alleges violations of the FDCPA and the FCCPA unrelated to the foreclosure action, as DeBoskey argues is the correct assertion in his complaint. However, if we construe the complaint this way, the district court's order of dismissal would still be correct because the complaint failed to state a claim based on factual specificity. *See Jones*, 549 U.S. at 215, 127 S. Ct. at 920; *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. DeBoskey did not reference in his complaint any specific actions of the appellees other than the foreclosure suit and those actions within his general accusations relating to the mortgage. As such, the district court properly dismissed his complaint because it contained "naked assertion[s]" devoid of "further factual enhancement." *Jones*, 549 U.S. at 215; *Iqbal*, 556 U.S. at 678.

Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing DeBoskey's complaint with prejudice.

**AFFIRMED.**