# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| TAMARAH THOMPSON,<br><br>Appellant,<br><br>v.<br><br>PATENAUDE & FELIX, APC,<br><br>Respondent. | No. 88783-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Patenaude & Felix APC (P&F) obtained two default judgments against Tamarah Thompson. After receiving notices from P&F informing her of the default judgments, Thompson sent a letter to P&F indicating to them she had not been served in the cases underlying the default judgments. When P&F did not respond, Thompson filed a complaint alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Washington Collection Agency Act (WCAA), ch. 19.16 RCW, and the Washington Consumer Protection Act (CPA), ch. 19.86 RCW. Upon motion from P&F, the court dismissed Thompson's complaint for failure to state a claim. Thompson appeals, arguing the superior court erred because P&F engaged in unfair and unconscionable acts when it learned Thompson had not been properly served and remained quiet. We affirm.

I

Because we are reviewing a CR 12(b)(6) motion to dismiss for failure to state a claim, we accept the factual allegations contained in Thompson's complaint

as true.  See Jackson v. Quality Loan Serv. Corp., 186 Wn. App. 838, 843, 347 P.3d 487 (2015).

In March 2025, P&F sent Thompson a letter stating P&F had obtained a judgment against her for $3,330.28.  The letter contained a copy of the order of default and default judgment against her from October 2024.  P&F sent Thompson another letter, which informed her copies of documents P&F had filed with the court were enclosed.  Thompson's complaint attached a copy of a separate order of default and default judgment P&F had obtained against her for $8,294.26 from October 2024.  Thompson did not know any lawsuits had been initiated against her before receiving P&F's letters and was unsure whether the debts belonged to her.

Thompson learned after receiving the letters that P&F's declarations of service said Thompson had personally been served.  The declarations of service for each judgment stated a "gray-haired white female" and a "dyed-haired white female" had been served in each case, respectively.

Thompson sent P&F a letter via certified mail and attached a redacted version of her driver's license, which showed her name, address, and a photograph not matching the descriptions in the affidavits of service.  In her response to P&F's motion to dismiss, Thompson explained, "[I]t is not possible to mistake Ms. Thompson for a white woman, regardless of how anyone's hair is styled." Thompson informed P&F that the individual identified in the declarations did not match her and that at the time of service she had been working and was not home. P&F did not respond to her letter.

2

Thompson filed a complaint against P&F, alleging violations of the FDCPA and WCAA, arguing that both constituted per se violations of the CPA. Thompson alleged P&F violated the FDCPA by obtaining a default judgment when Thompson had not been served with process. Thompson alleged P&F violated the WCAA by attempting to collect judgment costs based upon a default judgment that should not have been granted because Thompson was not served. Thompson also requested injunctive relief to enjoin P&F from obtaining default judgments against herself and others based upon violations of the statutes.

P&F moved for dismissal under CR 12(b)(6), arguing Thompson failed to state a claim under either statute when P&F relied on facially valid affidavits of service. Thompson did not dispute whether the judgments were proper, but argued P&F used unfair means and tactics in collecting the debt by refusing to act or acknowledge that it had obtained void judgments.

The court dismissed Thompson's complaint with prejudice, and Thompson appeals.

II

We review CR 12(b)(6) motions de novo. Tavaglione v. Dehkhoda & Qadri, PC, 34 Wn. App. 2d 515, 519, 568 P.3d 1158 (2025). The purpose of a CR 12(b)(6) motion is to "determine if a plaintiff can prove any set of facts that would justify relief." P.E. Sys., LLC v. CPI Corp., 176 Wn.2d 198, 203, 289 P.3d 638 (2012). " '[A]ny hypothetical situation conceivably raised by the complaint defeats a CR 12(b)(6) motion if it is legally sufficient to support the plaintiff's claim.' " Jackson, 186 Wn. App. at 843 (alteration in original) (quoting Bravo v. Dolsen Cos.,

3

125 Wn.2d 745, 756, 888 P.2d 147 (1995)). "Under CR 12(b)(6), dismissal is appropriate only when it appears beyond doubt that the claimant can prove no set of facts, consistent with the complaint, which would justify recovery." San Juan County v. No New Gas Tax, 160 Wn.2d 141, 164, 157 P.3d 831 (2007).

A

Thompson argues the superior court erred in dismissing her FDCPA claim because failing to respond to a certified letter informing P&F service was improper is an unfair and unconscionable means to collect debt. We conclude the court did not err in dismissing her FDCPA claim.

"The [FDCPA] authorizes private civil actions against debt collectors who engage in certain prohibited practices." Rotkiske v. Klemm, 589 U.S. 8, 9-10, 140 S. Ct. 355, 205 L. Ed. 2d 291 (2019). The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute provides an inexhaustive list of prohibited conduct. See id. The FDCPA also provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The statute similarly provides an inexhaustive list of examples of prohibited conduct. See id. To determine whether conduct violates either 15 U.S.C. §§ 1692e or 1692f, the court objectively analyzes the conduct and takes into account whether the least sophisticated debtor would likely be misled by a communication. Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

Thompson asserts the judgments were void because she was not served with the initial notice. In Washington, "[a] facially correct return of service is presumed valid and, after judgment is entered, the burden is on the person attacking the service to show by clear and convincing evidence that the service was irregular." Woodruff v. Spence, 88 Wn. App. 565, 571, 945 P.2d 745 (1997). A plaintiff may challenge a facially valid affidavit of service to vacate the judgment where service of process was ineffective. See Farmer v. Davis, 161 Wn. App. 420, 428, 250 P.3d 138 (2011).

When plaintiffs have not moved to vacate the default judgment, federal courts have permitted FDCPA claims to proceed where the plaintiff alleged the defendant fraudulently obtained facially valid affidavits of service. See e.g. Freeman v. ABC Legal Servs. Inc., 827 F. Supp. 2d 1065, 1074 (N.D. Cal. 2011) (lack of service adequately pleaded where fraudulent proofs of service were produced and collection agency knew but continued assigning service to defendant); Sykes v. Mel Harris & Assocs., LLC, 757 F. Supp. 2d 413, 422 (S.D.N.Y. 2010) (concluding class plaintiffs who did not receive notice before default judgment was entered adequately pleaded equitable tolling in an FDCPA class action against defendants who failed to serve them and filed false affidavits of service and merit).

Here, Thompson does not argue P&F fraudulently obtained facially valid affidavits of service to obtain a default judgment. She argues P&F failed to promptly vacate default judgments against her when it had received a letter, which included a copy of Thompson's driver's license, that showed she was not the

person described in the affidavits. The unpublished federal orders[1] Thompson cites do not support the proposition that failing to vacate a default judgment after receiving notice the defendant was not properly served is unfair or unconscionable. In those cases, the defendant made an appearance in the case noting improper service before a default judgment was obtained, and the creditor proceeded to obtain a default regardless.

Thompson argues hypothetical facts exist to support that P&F might have known upon receiving the affidavits of service that service was ineffective. Hypothetical situations conceivably raised by the complaint defeat CR 12(b)(6) motions if they are legally sufficient to support the claims. Bravo, 125 Wn.2d at 750. "Hypothetical facts may be introduced to assist the court in establishing the 'conceptual backdrop' against which the challenge to the legal sufficiency of the claim is considered." Id. (quoting Brown v. MacPherson's, Inc., 86 Wn.2d 293, 298 n.2, 545 P.2d 13 (1975)). Thompson suggests that hypothetically P&F had a policy to not vacate void judgments and P&F intended to leverage the void judgments. But Thompson's complaint makes no allegations conceivably raising that P&F knew that service was ineffective and proceeded despite actually knowing it lacked justification to do so. In her complaint, Thompson pleaded the theory that P&F violated the law by not voluntarily setting aside the default judgments after Thompson sent it her information allegedly casting doubt on the affidavits of

---

[1] Thompson cites Sims v. Midland, 2021 WL 1546135 at *1 (W.D. Wash. Apr. 20, 2021) (court order); Weinstein v. Mandarich, 2018 WL 6199249 at 1* (W.D. Wash. Nov. 28, 2018) (court order), aff'd, 798 F. App'x 88 (9th Cir. 2019); and Mitchell v. Patenaude & Felix APC, 2019 WL 4043974 at *1 (W.D. Wash. July 15, 2019) (court order).

service. If she instead wants to proceed on a theory that P&F actually knew all along that it had never validly served her, then she is required to plead such a theory consistent with CR 11. She has not done so.

While it is possible Thompson could successfully move to vacate the default judgments for lack of proper service, we conclude the court did not err in dismissing Thompson's FDCPA claim because Thompson failed to allege P&F engaged in unfair or unconscionable means to obtain the default judgments.

B

Thompson argues the court erred in dismissing her WCAA claim because P&F remained silent and allowed its judgment to stand after learning Thompson was improperly served. We conclude the court did not err.

"The legislature enacted the WCAA to prohibit unfair or deceptive debt collection practices." Tavaglione, 34 Wn. App. 2d at 521. The WCAA prohibits collection agencies from communicating with the debtor or representing or implying that the debt has increased because of the addition of attorney fees, investigation fees or any other fees or charges. RCW 19.16.250(15). It also prohibits collection agencies from collecting or attempting to collect amounts on top of the principal debt amount other than allowable interest, collection costs, or handling fees expressly authorized by statute. RCW 19.16.250(21).

Here, Thompson's complaint and attached documents do not show that P&F used improper methods to obtain the default judgments against her. She also does not allege that P&F contacted her after she sent the redacted copy of her driver's license and, in effect, does not allege P&F communicated, collected, or

7

attempted to collect improper fees or costs. Because Thompson failed to adequately plead that P&F engaged in unfair or deceptive practices after receiving information Thompson might not have been properly served, the court did not err in dismissing Thompson's WCAA claim.

C

Thompson argues the FDCPA violations and CAA violations support per se violations of the CPA. Because Thompson did not adequately plead violations of the FDCPA and WCAA and because Thompson does not assert an independent violation of the CPA, we conclude the court did not err in dismissing her CPA claim.

Affirmed.

_____
Birk, J.

WE CONCUR:

_____  _____